**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Tyrone James Sam,<br><br>    Defendant. | No. CR-12-08176-001-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Tyrone James Sam's motion for compassionate release. (Doc. 76). The government has responded (Doc. 78), and the Court now rules.

On August 27, 2013, Sam pleaded guilty to abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(5), and the Court sentenced Sam to 135-month's incarceration followed by lifetime supervised release. (Doc. 56 at 1). On April 5, 2021, Sam moved for compassionate release, arguing that extraordinary and compelling reasons justify his release from incarceration. (Doc. 76). *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A), however, provides that a defendant may bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." "[T]he language of § 3582 contains no signal that administrative exhaustion or the passage of at least 30 days is optional." *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020); *see also United*

*States v. Alvarez Espinoza*, No. CR-08-00611-02-PHX-DGC, 2020 WL 3200344, at *2 (D. Ariz. June 15, 2020) (collecting cases in which courts in the Ninth Circuit have concluded § 3582's exhaustion requirement is "mandatory and cannot be waived by the Court"). "Thus, the Court may not consider a defendant's motion without proof that he meets this exhaustion requirement." *United States v. Moore*, No. CR-16-01202-008-PHX-DJH, 2021 WL 1056445, at *2 (D. Ariz. Mar. 18, 2021).

In this case, Sam has failed to demonstrate that he exhausted his administrative rights. Although Sam's motion describes the substantive basis for compassionate release, Sam offers no proof that he complied or attempted to comply with available administrative procedures.

Because Sam has failed to do so,

**IT IS ORDERED** that Sam's motion for compassionate release (Doc. 78) is **DENIED** without prejudice.

Dated this 5th day of May, 2021.

_____
James A. Teilborg
Senior United States District Judge